THOMAS J. BUNTAIN, Plaintiff in Error, *v.* DANIEL WOOD, and JOSEPH WOOD, Defendants in Error.

ERROR TO EDGAR.

When a trial is had upon bill and answer, without replication, the answer must be taken as true, so far as it is responsive to the bill.

THOMAS J. BUNTAIN, the plaintiff in error, filed in the Edgar Circuit Court his bill for a new trial at law, in a certain cause in which the said Daniel Wood and Joseph Wood were plaintiffs, and said Thomas J. Buntain, defendant. The bill shows the rendition of a judgment at the October term, 1856, in said action at law, the motion for a new trial at the same term, and that motion overruled; recites the history of the transaction, out of which the action at law sprung, and alleges the discovery of important material testimony, (setting forth name of witness, and what he would prove) since the rendition of the judgment and motion at law for new trial; concludes with prayer for writ, answer, etc., and relief, general and special.

The record shows that the note sued on at law, is lost, etc. A copy of judgment at law is set out, and is for $819.85, damages and costs of suit.

At the September term, 1857, of said court, the defendants appeared and answered the allegations of the bill as appears from the record, denying the same, except the discovery of the testimony of George Jennell, the witness named in the bill; as to which, respondents state they " do not know what testimony was discovered by said plaintiff after the rendition of the judgment and overruling of motion for new trial, nor do they know what facts complainant may be able to prove by the said George Jennell," etc.

At the April term, 1858, a decree was rendered on inspection, " that the petitioners be dismissed, and that the defendants recover of complainant their costs and charges herein expended, with execution."

The errors assigned are :

That the court below erred in rendering the decree, etc.

That the decree is erroneous in not showing the findings of the court, upon which said decree was rendered, the record being otherwise silent as to the circumstances of the trial, etc.

That the court erred in refusing the prayer of the bill, etc.

C. Constable, for Plaintiff in Error.

The plaintiff in error contends that the court below erred in dismissing the bill in this behalf, until, upon trial had, the complainant failed to show the facts alleged in his bill, and that the court could not act upon inspection of bill only, together with answer.

Under the second assignment of error it is assumed that the case comes within the decisions in the cases of *Ward* v. *Owens' Adm'rs et al.*, 12 Ill. 284, and *White* v. *Morrison*, 11 Ill. 361.

Under the third assignment of error, it is contended that the material allegation of complainant touching the discovery of the evidence of George Jennell, and what he would prove by him, is not met or denied by the answer, and should have been regarded by the court below as admitted; and being so, this fact alone entitled the complainant to a new trial, in accordance with the prayer of the bill, so that a jury might pass upon the issue made between the parties, the newly discovered evidence of such George Jennell being before them.

Eads, for Defendant in Error.

Before a court of equity will grant a new trial at law, on account of newly discovered evidence, it must appear by the bill that the evidence has been discovered since the trial and the term of court at which the trial at law was had, and that it could not, by the use of reasonable diligence, have been

33

produced on the trial; that the evidence is material to t
issue, and relates to the merits of the case, and that it is
cumulative, and upon a question of diligence the party m st
negate every circumstance from which negligence may be in-
ferred. *Crozier* v. *Cooper*, 14 Ill. 141.

It is submitted that the bill is not sufficient to entitle the
plaintiff in error to the relief prayed for. The court could
not know that the newly discovered evidence was material to
the issue in the suit at law, because the bill does not show
what the issues in that suit were. There is nothing in the bill
negativing the presumption that the newly discovered evidence
is merely cumulative.

All of the material allegations in the bill are fully answered
and denied by the answers under oath of the defendants in
error, excepting the allegation that plaintiff in error could
prove certain facts by the witness Jennell. In regard to this
charge, the answers say, that they do not know what the
plaintiff in error can prove by Jennell, but fully and specific-
ally deny, that the facts which the bill charges can be proved
by Jennell, are true. When a matter is neither admitted nor
denied, it must be sustained by proof. *De Wolf* v. *Long*, 2
Gilm. 679.

In this suit, at the time it was disposed of, it stood for trial
upon bill and answer. In such cases the complainant admits
all that is stated in the answer, whether it be true or not.
*De Wolf et al.* v. *Long*, 2 Gilm. 679.

The answers here expressly show that the complainant
bought the cattle concerning which was the controversy in the
suit at law, at his own risk, and that the complainant had no
defense whatever to the note upon which the defendants in
error recovered their judgment. If the facts stated in the
answer are not true, they should have been denied by replica-
tion.

The court below, it is submitted, had a right to dismiss the
bill upon inspection, as the plaintiff did not support or offer to
support his bill by proof, nor did he offer to go to trial. In
fact the plaintiff in error seems to have wholly abandoned his
case after the answers were filed. The bill was filed in this

 ə i.: August, 1857, and at the next September term, 1857, tie defendants filed their answers. From that time up to the April term, 1860, at which time the suit was disposed of, the plaintiff in error took no steps to further prosecute his suit. It is contended that the court, under such circumstances, might well have treated the case as abandoned by the plaintiff in error.

It is submitted, that the cases of *Ward* v. *Owens' Adm'rs et al.*, 12 Ill. 283, and *White* v. *Morrison*, 11 Ill. 361, cited by the plaintiff in error, are not applicable to the case under consideration. In each of the above cases there was a trial upon bill, answer, replication and oral proofs, and relief granted to the complainants. In the present case there was no replication or oral proofs offered. The bill and answers in the case were a part of the record, and it was not necessary to incorporate them in the decree. The court below, having no evidence before it, and there being no trial of the case, all the court below could do, was to inspect the record and dispose of the case upon bill and answer.

WALKER, J. This was a bill exhibited by complainant to obtain a new trial in a cause at law. The bill alleges fraud in the sale of a number of cattle, for which the note sued upon was given. That a motion for a new trial was made, overruled, and judgment entered. That subsequently complainant, for the first time, discovered that he could prove, by a witness residing in the State of Kentucky, that defendants had told him, that they knew the cattle were diseased, and that they must make sale of them to avoid loss by their dying on their hands. That complainant was not informed, at the time of the trial at law, or when the motion for a new trial was overruled, that he could prove these facts by this or any other witness.

The defendants answered under oath, denying all fraud, all knowledge that the cattle were diseased, or that they had made any such statement, as complainant alleges he has newly discovered, and that if he can make such proof, it will be wholly untrue. The answer denies all other material alle-

gations. No replication was filed, and a trial was had under the bill and answer; a decree was rendered, dismissing the bill at complainant's costs. The rendition of that decree is assigned for error.

It is believed that no rule of practice is better or more uniformly settled, than that when a trial is had upon bill and answer, without replication, the answer must be taken as true, so far as it is responsive to the bill. This answer admits no facts charged in the bill, but, on the contrary, denies all of the material allegations which, if true, would entitle the complainant to relief. The answer is responsive to the bill, is full and explicit, and taken as true, precludes all grounds of relief. There is nothing in the record showing that the cause was not ripe for hearing, and the presumption is, that it stood regularly for trial on bill and answer. We nowhere, in this record, perceive any error in the rendition of this decree. It must, therefore, be affirmed.

*Decree affirmed.*